United States District Court<br/>For the Northern District of California

1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6   SAN FRANCISCO DIVISION
7
8   ROBERT SMITH,                                   No. C 14-3122 RS (PR)
9              Petitioner,                          **ORDER TO SHOW CAUSE**
10         v.
11  RON DAVIS, Warden,
12             Respondent.
                                        /
13
14                          **INTRODUCTION**
15       Petitioner seeks federal habeas relief from his state convictions. The petition for such
16  relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the
17  Rules Governing Section 2254 Cases. Respondent shall file a response to the petition on or
18  before March 15, 2014, unless an extension is granted.
19       The petition is likely untimely. Petitioner was sentenced in 1996 and the instant
20  petition was filed 18 years later, in 2014. Respondent is directed to consider first whether a
21  motion to dismiss on grounds of untimeliness is the most appropriate first response to the
22  petition. If he so concludes, he may file a motion to dismiss, though he is not required to do
23  so.
24                           **BACKGROUND**
25       According to the petition, in 1996, a Contra Costa County Superior Court jury
26  convicted petitioner of first degree murder, attempted voluntary manslaughter, child
27  endangerment, personal use of a firearm, personal use of a handgun, and being armed with a
28

firearm. He was sentenced in 1996 to a term of 44 years and 2 months in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) an ex parte communication prejudiced the trial court's ability to remain fair and impartial, in violation of his due process right to a fair trial; (2) he was denied the right to testify on his own behalf; (3) defense counsel rendered ineffective assistance; (5) the trial court's jury instructions were in error; and (6) the admission of prior act evidence constituted impermissible character or propensity evidence. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have

been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion (Docket No. 4) for the appointment of counsel is DENIED without prejudice. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only

when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting the appointment of counsel.

    9. The Clerk shall terminate Docket No. 4.

   10. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED**.

DATED: December 9, 2014

_____
RICHARD SEEBORG
United States District Judge