**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROBERT SMITH,      No. C 14-3122 RS (PR)

     Petitioner,     **ORDER OF DISMISSAL**

   v.

RON DAVIS, Warden,

     Respondent.
_____/

## INTRODUCTION

Petitioner seeks relief under 28 U.S.C. § 2254 from his state convictions.  For the reasons discussed herein, respondent's motion to dismiss as untimely the petition for such relief (Docket No. 17) is GRANTED.  The petition is DISMISSED.

## DISCUSSION

**A.  Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing;  (3)

1  the constitutional right asserted was recognized by the Supreme Court, if the right was newly
2  recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)
3  the factual predicate of the claim could have been discovered through the exercise of due
4  diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari
5  from the United States Supreme Court, the AEDPA's one-year limitations period begins to
6  run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v.*
7  *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## B.   Timeliness of the Petition

The following facts are undisputed. Petitioner was convicted of murdering his wife Chrissy. On September 6, 1996, petitioner was sentenced in the Contra Costa Superior Court to 44 years and two months in state prison for his convictions for first degree murder, attempted voluntary manslaughter, and child endangerment. He sought direct review in the state appellate court, which on April 1, 1998, affirmed his convictions and sentence. His convictions became final 40 days later (May 11, 1998), when time for seeking direct review expired.[1] *See* Cal. Rules of Court, rules 8.264, 8.500; *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002) (overruled on other grounds). Petitioner had one year, that is, until May 12, 1999, to file a timely federal habeas petition.[2] The instant federal habeas petition was filed on June 26, 2014,[3] which is well after the May 12, 1999 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and

---

[1] His petition for direct review in the state supreme court was filed in September 1999, well after the May 1998 deadline. (Pet., Ex. B at 1.) The state supreme court dismissed the petition for want of jurisdiction. (*Id.*)

[2] Petitioner is not entitled to the additional 90 days granted by *Bowen*. *Bowen* applies only when a petitioner has filed a timely petition for direct review and the state supreme court has issued a decision on such petition. Because petitioner was too late in filing for direct review, he is not entitled to the additional days *Bowen* affords litigants. Also, the petition would still be untimely even if petitioner were entitled to the additional days.

[3] Petitioner is entitled to this filing date, rather than the July 10, 2014 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (June 26, 2014) and will use that as the filing date under the prisoner mailbox rule. *See* generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).

must be dismissed.

Petitioner asserts that he is entitled to a delayed commencement of the statute of limitations under § 2244(d)(1)(C) because of a fairly recent Supreme Court decision, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (Pet., Mem. of P. & A. at 4–5.) Under section 2244(d)(1)(C), a federal habeas petition is timely if it is filed within one year of when a constitutional right was newly recognized by the Supreme Court and made retroactive to cases on collateral review.

This assertion is unavailing. First, *Martinez* does not qualify under section 2244(d)(1)(C) because it "did not decide a new rule of constitutional law." *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013). In fact, it was an "equitable ruling," rather than a constitutional one, and can provide no basis for a delayed commencement. *Martinez*, 132 S. Ct. at 1319. Second, *Martinez* addressed whether certain types of claims are procedurally defaulted, not whether those claims were timely under AEDPA's statute of limitations. *Id.* at 1313; *Clabourne v. Ryan*, 745 F.3d 362, 367 (9th Cir. 2014) (*Martinez* "opened a narrow path to excuse procedural default in certain circumstances"). Therefore, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 1.     Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed his first state habeas petition in 2001. (MTD at 2.) He filed many thereafter, the last one in 2014, which was denied that same year. (*Id.* at 2–3.)

Petitioner is not entitled to statutory tolling. A state habeas petition, here the one filed in 2001, cannot toll the limitation period because it was filed after AEDPA's statute of limitations ended on May 12, 1999. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the

limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Because petitioner filed his first state habeas petition after the deadline for filing a federal habeas petition, he is not entitled to statutory tolling. Absent a showing of equitable tolling, the petition must be dismissed.

### 2. Equitable Tolling

Petitioner asserts that he is entitled to equitable tolling because various circumstances prevented him from filing a timely petition: late letters from counsel, the unavailability of transcripts, mental illness, and threats from a prison guard. (Pet., Mem. of P. & A. at 3–4, 9–10, 17–19.) A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Petitioner's allegations fail to show that external forces prevented him for 15 years from filing a federal habeas petition. For instance, it is not sufficient to say that one suffers from mental illness. Rather, petitioner must make a substantial showing under a two-part test. *Bills v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010). First, he must show that his mental illness was an extraordinary circumstance beyond his control by demonstrating that the impairment was severe. He can meet this first requirement by showing that either (a) he was unable rationally or factually to personally understand the need to timely file, or (b) his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. *Id.* at 1099–1100. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably

available access to assistance. *Id.* at 1100. Petitioner's conclusory allegations that killing his wife "affected him mentally, resulting in him being unable to proceed with his habeas corpus," Pet., Mem. of P. & A. at 4, that he had "mental issues," Opp. to MTD at 3, and that he was at times suicidal, *id.* at 7, do not show that a mental illness prevented him for 15 years from understanding and prosecuting his claims. Also, his 1999 filing for direct review shows that he was mentally competent to pursue relief at the very time he alleges he was unable to.

His allegations regarding letters from counsel and the unavailability of transcripts are also conclusory. He fails to detail what specific information he required and why the deprivation of that information specifically and directly prevented him from filing a timely habeas petition.

The primary reason he gives for his late filings is the alleged harassment by a prison guard at High Desert State Prison. Petitioner alleges that this guard, who had had a sexual relationship with Chrissy, petitioner's wife, threatened to make petitioner's life at High Desert "miserable." (Pet., Mem. of P. & A. at 18.) He feared leaving his cell to go to the law library because he thought the guard "would have him killed" by having "the gun tower shoot him." (*Id.*) These assertions are unpersuasive. First, he says only that the guard would make his life miserable, not that the guard threatened his life. Nor has he provided evidence (or even detailed and specific allegations) that the guard possessed such influence that he could arrange to have petitioner shot at will. Also, petitioner certainly left his cell at other times (for meals, exercise, medical treatment, etc.) and was not harmed. This shows that either petitioner did not ever believe his life was in danger, or that he soon realized the guard's threats were empty. Second, petitioner filed for direct review in 1999. This shows that he was able to pursue relief despite his fears. His failure to pursue any relief in this Court from 1999 to 2014 remains, then, unexplained and unexcused. Petitioner is not entitled to equitable tolling and the petition will be dismissed.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 17) is GRANTED. Accordingly, the petition is DISMISSED. Judgment will be entered in favor of respondent.

Petitioner's motion for an evidentiary hearing and to require respondent to file an answer (Docket No. 18) is DENIED.  Petitioner believes that respondent was remiss in not filing an answer.  The order to show cause, however, allowed respondent to file a motion to dismiss "in lieu of an answer." (Docket No. 14 at 3.)

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Clerk shall enter judgment in favor of respondent, terminate Docket Nos. 17 and 18, and close the file.

**IT IS SO ORDERED**.

DATED: August 25, 2015

_____
RICHARD SEEBORG
United States District Judge